IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QIANG WANG,

    Plaintiff,

v.

PALO ALTO NETWORKS, INC., et al.,

    Defendants.

No. C 12-05579 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

### INTRODUCTION

In this trade-secret action involving alleged misappropriation of computer firewall technology, defendants move to dismiss plaintiff's trade-secret claim against defendant Zuk and plaintiff's claim for breach of confidence. For the reasons explained below, defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

### STATEMENT

For the purposes of the instant motion, this order assumes the following facts alleged in the complaint are true.

Plaintiff Qiang Wang has invented several computer firewall technologies. In 2003, Wang applied for a patent on one of these inventions. That patent, U.S. Patent No. 7,454,418, was published in October 2008 and (after rescinding a non-publication request) subsequently issued in November 2008.[1] The patent names Wang as the sole inventor.

---

[1] Any trade secrets contained in the patent application were extinguished as of the date the patent was published.

1   In 2005, while the '418 patent application was pending, Wang partnered with defendant
2  Fengmin Gong in order to commercialize Wang's inventions under the name of a joint venture
3  called ForeSecurity. During the course of their collaboration, Wang disclosed his confidential
4  inventions to Gong, and Gong developed a thorough understanding of the technologies. Wang
5  informed Gong at the time that the information was confidential and Gong agreed to maintain the
6  information in confidence. During oral argument, plaintiff asserted (and defendants denied) that
7  Wang and Gong also executed a written non-disclosure agreement at some point.

8   In June 2005, Wang and Gong met defendant Nir Zuk and entered into business
9  discussions regarding potentially joining forces with Zuk's company, Palo Alto Networks, Inc.
10 ("PAN"). In the course of these meetings, Wang and Gong disclosed to Zuk that Wang had a
11 pending patent application on a firewall technology he had invented. Wang concluded, however,
12 that PAN was pursuing a different realm of firewall technology, and the negotiations ended.

13 Wang and Gong continued to work on ForeSecurity together for the rest of that year.
14 But, following a round of lay-offs at Gong's day job, Gong joined Zuk's venture. Wang then
15 abandoned his work on ForeSecurity. Unbeknownst to Wang, however, Gong had lied about his
16 work with Zuk. As Wang later discovered, Gong had begun working with Zuk sometime in mid-
17 2005. Following PAN's IPO in 2012, Wang learned that PAN had switched to developing
18 technologies replicating the ideas disclosed to Gong. Wang also discovered U.S. Patent No.
19 8,009,566 while doing research on PAN, Gong, and Zuk. The '566 patent had a 2006 priority
20 date for an invention that Wang had disclosed to Gong in 2005, and Zuk and Gong were listed
21 among the inventors of the patent (without naming Wang).

22 Wang subsequently brought an action in this district to correct the inventorship of the
23 '566 patent, for trade-secret misappropriation, and for breach of confidence. Defendants now
24 move to dismiss the claim of misappropriation against defendant Zuk under Rule 12(b)(6), and
25 they move to dismiss the claim for breach of confidence as preempted by California's Uniform
26 Trade Secrets Act ("CUTSA").

**ANALYSIS**

**1. THE COMPLAINT STATES A CLAIM FOR INDIRECT INFRINGEMENT**

Defendant first moves to dismiss plaintiff's trade-secret misappropriation claim against defendant Zuk for failure to state a claim Federal Rule 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Ibid*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Ibid*.

To qualify as a trade secret under California Civil Code Section 3426.1, the information at issue must derive economic value from not being generally known to the public and be subject to reasonable measures to maintain its secrecy. The parties appear to agree that with regard to Zuk, the trade-secret claim is for indirect misappropriation. The elements of a claim for indirect trade-secret misappropriation are:

> (1) the plaintiff is the owner of a valid trade secret;
>
> (2) the defendant acquired the trade secret from someone other than the plaintiff and
>
>> (a) knew or had reason to know before the use or disclosure that the information was a trade secret and knew or had reason to know that the disclosing party had acquired it through improper means or was breaching a duty of confidentiality by disclosing it; or
>>
>> (b) knew or had reason to know it was a trade secret and that the disclosure was a mistake;
>
> (3) the defendant used or disclosed the trade secret without plaintiff's authorization; and

3

> (4) the plaintiff suffered harm as a direct and proximate result of the defendant's use or disclosure of the trade secret, or the defendant benefitted from such use or disclosure.

*MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1114 (N.D. Cal., 2012) (Judge Ronald Whyte).

This order holds that plaintiff's complaint states a claim for indirect infringement against Zuk. The pleadings reasonably implicate trade secrets extinguished by the publication of the '418 and '566 patents, as well as trade secrets not yet disclosed as of the filing of the complaint. There is no dispute that the complaint adequately alleges that plaintiff was and is the owner of a valid trade secret. Nor does Zuk contend that plaintiff has failed to adequately plead that Zuk used the trade secret without authorization, or that plaintiff suffered harm.

Zuk instead contends that "the complaint fails to support a reasonable inference that Mr. Zuk should have known that information allegedly provided to Mr. Gong by Mr. Wang contained trade-secret information," or that Zuk should have known that Mr. Gong was obligated to keep Wang's information confidential (Opp. 5). These contentions are incorrect. The complaint alleges that Wang and Gong told Zuk during a meeting that Wang invented the ForeSecurity firewall technology and had a patent application claiming that technology (Compl. ¶ 16). Because patent applications are usually confidential until published, it is reasonable to infer that Zuk should have known from these meetings Gong had acquired trade secrets in the context of a business relationship with Wang in 2005.

Similarly, Zuk contends that the complaint fails to explain what restrictions were put on the information provided by Wang to Gong, including whether Mr. Gong was obligated to keep the technology confidential. This contention is without merit. The complaint alleges, among other things, that Wang told Gong the information was confidential and that written materials describing the trade secrets were labeled confidential (*id.* ¶ 14).

Zuk contends that the complaint fails to plead facts leading to a reasonable inference that trade-secret information was used by Gong in the course of his work for PAN, or that Zuk knew that Gong was using the trade secrets. This is a red herring. To state a claim against Zuk, Wang does not need to support an inference that Gong used the trade secrets — only that Gong

4

disclosed them to Zuk and that Zuk used or disclosed them. The complaint alleges that (1) Wang and Gong worked on the allegedly trade-secret firewall technology, (2) that Gong and Zuk allegedly worked on firewall technology in a subsequent venture, and (3) that Gong and Zuk are listed as co-inventors on a patent based on the alleged trade secrets (*id*. ¶¶ 11–13, 19–21). These facts give rise to a reasonable inference that Zuk obtained the trade secrets from Gong in their technology venture and used them for his own work on the patent.

In any event, the pleadings do support a reasonable inference that Zuk knew that Gong used Wang's trade secrets in the course of his work for PAN. This is because the complaint alleges: (1) that Gong worked on PAN's architectural schema and detailed business plan shortly after or during his work with Wang, (2) that Gong made false statements to Wang regarding when he began work at PAN, (3) that Gong is named as a co-inventor with Zuk on the patent based on the alleged trade secrets, and (4) during meetings with Wang, Zuk learned about Gong's work on Wang's technology (*id*. ¶¶ 16, 19–21).

Because the complaint states a claim for indirect infringement against Zuk, defendant's motion to dismiss on this basis is **DENIED**.

### 2. THE BREACH-OF-CONFIDENCE CLAIM IS PREEMPTED BY CUTSA

Defendants argues that plaintiff's breach-of-confidence claim is preempted by CUTSA. Claims seeking to protect confidential information other than trade-secret claims, such as conversion and unfair competition, are preempted by CUTSA when they are "based upon the same nucleus of facts as the misappropriation of trade secrets claim for relief." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009). What is less clear is whether such claims are preempted when the confidential information at issue admittedly does not meet the statutory definition of a trade secret, or when the trade-secret status of the information cannot be determined without discovery. *MedioStream*, 869 F. Supp. 2d at 1114–16 (discussing conflicting decisions). Our court of appeals and the California Supreme Court have not made definitive pronouncements on these questions.

Plaintiff contends that it should be permitted to allege breach of confidence in the alternative using the same set of facts it uses to support its trade-secret claim. Plaintiff fails,

5

however, to reconcile this contention with the undersigned's prior orders applying *K.C. Multimedia* to prohibit that result. Instead, plaintiff frames the holding of *K.C. Multimedia* as dependent on a "factual inquiry" that requires "wait[ing] until the record is sufficiently developed so that a similar fact-specific inquiry can be made into the nature of Plaintiff's alternative pleadings" (Opp. 9).

Plaintiff's interpretation of *K.C. Multimedia* would require abandoning the traditional Rule 12(b)(6) procedure in California trade-secret actions in favor of summary judgment, or at a minimum, in favor a procedure similar to jurisdictional discovery. Plaintiff fails to justify this substantial derogation from the Federal Rules. None of the decisions plaintiff cites from district courts in other circuits are persuasive in this regard, and all of them pre-date *K.C. Multimedia*.

Application of this Court's prior decisions results in a more straightforward analysis applicable at the pleadings stage. After removing the "trade-secret" facts, the remaining facts alleged are reassembled to determine whether they can independently support other causes of action involving confidential information. *See, e.g.*, *VasoNova Inc. v. Grunwald*, No. C 12-02422 WHA, 2012 WL 4119970, at *4 (N.D. Cal. Sept. 18, 2012); *Banks.com, Inc. v. Keery*, No. C 09-06039 WHA, 2010 WL 727973, at *4 (N.D. Cal. Mar. 1, 2010).

Here, this analysis produces a rapid result. The factual allegations in the complaint focus entirely on establishing plaintiffs trade-secret claims. In their absence, little if anything remains. This conclusion is confirmed by language in the complaint itself, which includes an allegation that amounts to an admission: "[t]o the extent that any of the information which Wang disclosed to Gong is ultimately deemed to not be protected as a trade secret, . . . use of that information constitutes a breach of confidence" (Compl. ¶ 35).

Plaintiff's reliance in his briefs and during oral argument on *SocialApps v. Zynga, Inc.*, No. 11-CV-04910 YGR, 2012 WL 381216, at *3–4 (N.D. Cal. Feb. 6, 2012) (Judge Yvonne Rogers), is misplaced. In that decision, the district court found that the allegations for breach of confidence appeared to be based on factual allegations distinct from the trade-secret allegations. Here, the allegations cannot be separated.

6

To the extent that *SocialApps* can be interpreted as holding that the same nucleus of fact can support both a trade-secret and a breach-of-confidence claim, that interpretation is not persuasive because it conflicts with *K.C. Multimedia*. The court in *K.C. Multimedia* was squarely faced with the contention "that a common law cause of action can be based on the same nucleus of facts as the trade secrets claim, so long as it alleges new facts, different injuries and damages, or a different theory of liability." *K.C. Multimedia*, 171 Cal. App. 4th at 957 n.7. That argument was expressly rejected. *Id*. at 957.

This order finds that plaintiff's claim for breach of confidence relies on the same facts as plaintiff's trade-secret claim, and is therefore preempted under CUTSA. Defendants' motion to dismiss the claim is **GRANTED**.

## CONCLUSION

Defendants' motion to dismiss plaintiff's indirect infringement claim against defendant Zuk is **DENIED**. Defendants' motion to dismiss plaintiff's claim for breach of confidence is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 31, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7