1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

QIANG WANG,

Case No. 3:12-cv-05579-WHA

12

Plaintiff,

**STIPULATED PROTECTIVE ORDER**

13

v.

Ctrm:   8 – 19th Floor
Judge:  Honorable William H. Alsup

14

PALO ALTO NETWORKS, INC., NIR ZUK,
and FENGMIN GONG,

15
16

Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page2 of 24

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

1

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" comprising computer code – including source and/or object code (whether or not executable) – and associated comments and revision histories, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page4 of 24

1   retrieving data in any form or medium) and their employees and subcontractors.

2       2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

3   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as

4   "HIGHLY CONFIDENTIAL – SOURCE CODE."

5       2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

6   Party.

7       **3.   SCOPE**

8       The protections conferred by this Stipulation and Order cover not only Protected Material (as

9   defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

10  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

11  presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

12  conferred by this Stipulation and Order do not cover the following information: (a) any information that

13  is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

14  domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

15  Order, including becoming part of the public record through trial or otherwise; and (b) any information

16  known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

17  disclosure from a source who obtained the information lawfully and under no obligation of

18  confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a

19  separate agreement or order.

20      **4.   DURATION**

21      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

22  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

23  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

24  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

25  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

26  motions or applications for extension of time pursuant to applicable law.

27  ///

28  ///

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page5 of 24

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE  CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

4

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page6 of 24

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page7 of 24

1   designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

2   "HIGHLY CONFIDENTIAL – SOURCE CODE."

3        Transcripts containing Protected Material shall have an obvious legend on the title page that the

4   transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

5   line numbers as appropriate) that have been designated as Protected Material and the level of protection

6   being asserted by the Designating Party. The Designating Party shall inform the court reporter of these

7   requirements. Any transcript that is prepared before the expiration of a 21-day period for designation

8   shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period,

10   the transcript shall be treated only as actually designated.

11        (c) <u>for information produced in some form other than documentary and for any other</u>

12   <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

13   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

15   CODE".  If only a portion or portions of the information or item warrant protection, the Producing Party,

16   to the extent practicable, shall identify the protected portion(s) and specify the level of protection being

17   asserted.

18       5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate

19   qualified information or items does not, standing alone, waive the Designating Party's right to secure

20   protection under this Order for such material. Upon timely correction of a designation, the Receiving

21   Party must make reasonable efforts to assure that the material is treated in accordance with the provisions

22   of this Order.

23   **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24       6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

25   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

26   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

27   significant disruption or delay of the litigation, a Party does not waive its right to challenge a

28   confidentiality designation by electing not to mount a challenge promptly after the original designation is

1   disclosed.

2        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

3   providing written notice of each designation it is challenging and describing the basis for each challenge.

4   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

5   challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

6   Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

7   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within

8   14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

9   belief that the confidentiality designation was not proper and must give the Designating Party an

10   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

11   designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed

12   to the next stage of the challenge process only if it has engaged in this meet and confer process first or

13   establishes that the Designating Party is unwilling to participate in the meet and confer process in a

14   timely manner.

15        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

16   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

17   in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the

18   initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will

19   not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent

20   declaration affirming that the movant has complied with the meet and confer requirements imposed in the

21   preceding paragraph. Failure by the Designating Party to make such a motion including the required

22   declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

23   designation for each challenged designation. In addition, the Challenging Party may file a motion

24   challenging a confidentiality designation at any time if there is good cause for doing so, including a

25   challenge to the designation of a deposition transcript or any portions thereof. Any motion brought

26   pursuant to this provision must be accompanied by a competent declaration affirming that the movant has

27   complied with the meet and confer requirements imposed by the preceding paragraph.

28        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page9 of 24

1   Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

2   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

3   Designating Party has waived the confidentiality designation by failing to file a motion to retain

4   confidentiality as described above, all parties shall continue to afford the material in question the level of

5   protection to which it is entitled under the Producing Party's designation until the court rules on the

6   challenge.

7   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

8   7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

9   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

10   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

11   categories of persons and under the conditions described in this Order. When the litigation has been

12   terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

13   DISPOSITION).

14   Protected Material must be stored and maintained by a Receiving Party at a location and in a

15   secure manner that ensures that access is limited to the persons authorized under this Order.

16   7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the

17   court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

18   or item designated "CONFIDENTIAL" only to:

19   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

20   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

21   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

22   hereto as Exhibit A;

23   (b) the officers, directors, and employees (including House Counsel) of the Receiving

24   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26   (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

27   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

28   Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER / CASE NO. 3:12-CV-05579- WHA

Case3:12-cv-05579-WHA    Document49    Filed02/19/13    Page10 of 24

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) One (1) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

STIPULATED PROTECTIVE ORDER / CASE NO. 3:12-CV-05579- WHA

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page11 of 24

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding

1   five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any

2   litigation in connection with which the Expert has offered expert testimony, including through a

3   declaration, report, or testimony at a deposition or trial, during the preceding five years.

4          (b) A Party that makes a request and provides the information specified in the preceding

5   respective paragraphs may disclose the subject Protected Material to the identified Designated House

6   Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection

7   from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

8          (c) A Party that receives a timely written objection must meet and confer with the

9   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

10   within seven days of the written objection. If no agreement is reached, the Party seeking to make the

11   disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule

12   7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission

13   from the court to do so. Any such motion must describe the circumstances with specificity, set forth in

14   detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary,

15   assess the risk of harm that the disclosure would entail, and suggest any additional means that could be

16   used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

17   describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the

18   meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its

19   refusal to approve the disclosure.

20          In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

21   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

22   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

23   Designated House Counsel or Expert.

24   ///

25   ///

26

---

27   [1] If any of this information is subject to a confidentiality obligation between the Expert and a third-party,
     then the Expert shall disclose that a confidential relationship exists and provide whatever information can
28   be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the
     Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

11

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page13 of 24

**8.   PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to computer security and firewall technologies, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.  The prosecution bar does not apply if the individual received the information pursuant to Section 7.3(f).

**9.   SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel. Derivative materials including "HIGHLY CONFIDENTIAL – SOURCE

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

CODE" information, such as exhibits to motions or expert reports, may be disclosed to Designated House Counsel.

      (c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. Prior to the first inspection of any requested piece of source code, the Receiving Party shall provide seven (7) days' notice of any source code that it wishes to inspect that the Producing Party has already indicated is available for inspection. The Receiving Party shall provide thirty (30) days' notice of any source code that it wishes to inspect that the Producing Party has not yet made available for inspection. The Receiving Party shall provide seven (7) days' notice prior to any additional inspections. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

      (d)     No recording devices, cell phones, cameras, peripheral equipment, laptops, drives, CDs, DVDs, memory, sound recorders, or recordable media will be permitted inside the source code review room. The Receiving Party's representatives shall be entitled to take notes relating to the source code but may not copy the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

      (e)     All persons who will review a Producing Party's source code on behalf of the Receiving Party shall be identified in writing to the Producing Party at least five days in advance of the first time that such person reviews such source code. Such identification shall be in addition to any disclosure required under Paragraph 7 of this Protective Order. All persons viewing source code at the source code computer shall sign, on each day they view source code, a log that will include the names of persons who enter the room to view the source code and when they enter and depart. The Producing

1    Party shall maintain the log.

2            (f)     The Receiving Party may request one paper copy of limited portions of source

3    code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

4    papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the

5    source code other than electronically as set forth in paragraph (c) in the first instance. The Producing

6    Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY

7    CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code

8    requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in

9    Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the

10   "Designating Party" for purposes of dispute resolution.

11           (g)     The Receiving Party shall maintain a record of any individual who has inspected

12   any portion of the source code in electronic or paper form. Upon three (3) days' advance notice, the

13   Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party shall

14   maintain all paper copies of any printed portions of the source code in a secured, locked area. The

15   Receiving Party shall not create any electronic or other images of the paper copies and shall not convert

16   any of the information contained in the paper copies into any electronic format. The Receiving Party

17   shall only make additional paper copies if such additional copies are (1) necessary to prepare court

18   filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for

19   deposition, or (3) otherwise necessary for the preparation of its case, but in no event make more than five

20   additional paper copies of any portions of the source code received from a Producing Party. Images or

21   copies of source code shall not be included in correspondence between the Parties (references to

22   production numbers shall be used instead), and shall be omitted from pleadings and other papers

23   whenever possible. If a Party reasonably believes that it needs to submit a portion of source code as part

24   of a filing with the court, the Party will file any exhibit(s) containing a portion of source code under seal.

25   Any briefs, expert reports, or other documents referencing the source code shall also be filed under seal

26   and include the "HIGHLY CONFIDENTIAL – SOURCE CODE" designation. Any paper copies used

27   during a deposition shall be retrieved by the Producing Party at the end of each day and must not be

28   given to or left with a court reporter or any other individual.

**10.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a

copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or

court order shall not produce any information designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless

the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden

and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey

a lawful directive from another court.

///

///

///

///

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective
Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality
interests in the court from which the subpoena or order issued.

15

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Inadvertent or unintentional production of information subject to any privilege or protection from discovery, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, or settlement privilege shall not constitute a waiver of any claim for protection under the privileges, in this action or in any other federal or state proceeding in accordance with Federal Rule of Evidence 502(d) and (e), provided that the provisions of this paragraph are satisfied.

(a)    If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege (the "Clawed-Back Materials"), the Producing Party must notify all other Parties as soon as is practicable. The Producing Party of the Clawed-Back Materials does not, however, need to show that the information qualifies as privileged information, or that the production was inadvertent. In such event—and regardless of any argument as to waiver—the Receiving Parties shall not use or disclose and must immediately destroy or return the Clawed-Back Materials along with all duplicates, and shall destroy the portion of any notes, summaries, extracts or abstracts that rely upon or refer to such Clawed-Back Materials. Once notified of the production of privileged information, the Receiving Party shall not duplicate the Clawed-Back Materials, or distribute the privileged information by any means other than returning it to the Producing Party. Within five (5) business days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the Clawed-Back Materials. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of the Clawed-Back Materials occurring before the Receiving Party was placed on

1    notice of the Producing Party's claims of privilege. No one may use the fact of production of a document

2    over which the Producing Party later asserts privilege to argue the privilege has been waived. Insofar as

3    the Receiving Party wishes to challenge the claim of privilege or work product with respect to the

4    Clawed-Back Materials, it must do so based on the privilege log and without relying on the information it

5    learned from the Clawed-Back Materials. The return of any Clawed-Back Materials shall not in any way

6    preclude the Receiving Party from moving the Court for an order that: (i) the Clawed-Back Material were

7    never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity

8    has been waived by some act other than the production of Clawed-Back Materials in this action.

9              (b)      If the Receiving Party discovers materials that obviously appear to be subject to

10   the attorney-client privilege or work product protection or otherwise clearly appear to be immune from

11   discovery and where it is reasonably apparent that the materials were provided or made available through

12   inadvertence (the "Obviously Privileged Materials"), the Receiving Party will refrain from examining the

13   Obviously Privileged Materials any more than is essential to ascertain if the materials are privileged and

14   shall immediately notify the Producing Party that they possess material that appears to be privileged.

15   Within two (2) business days, the Producing Party must confirm or deny that the materials are privileged

16   and within five (5) business days of asserting any privilege claim, the Producing Party must provide a

17   privilege log to all Parties that lists the Obviously Privileged Materials.

18        **14.      MISCELLANEOUS**

19        14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its

20   modification by the court in the future.

21        14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no

22   Party waives any right it otherwise would have to object to disclosing or producing any information or

23   item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

24   right to object on any ground to use in evidence of any of the material covered by this Protective Order.

25        14.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and

26   regulations relating to the export of technical data contained in such Protected Material, including the

27   release of such technical data to foreign persons or nationals in the United States or elsewhere. The

28   Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving

1   Party shall take measures necessary to ensure compliance.

2        14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

3   court order secured after appropriate notice to all interested persons, a Party may not file in the public

4   record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

5   must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed

6   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

7   Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request

8   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

9   entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

10   pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving

11   Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless

12   otherwise instructed by the court.

13        14.5   <u>No Effect on Existing Information</u>.  Nothing in this protective order effects or restricts the

14   parties' use of information already in their possession.

15       **15.**    **FINAL DISPOSITION**

16        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

17   Party must return all Protected Material to the Producing Party or destroy such material. As used in this

18   subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

19   other format reproducing or capturing any of the Protected Material. Whether the Protected Material is

20   returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

21   (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

22   (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms

23   that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

24   format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel

25   are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

26   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

27   product, and consultant and expert work product, even if such materials contain Protected Material. Any

28   such archival copies that contain or constitute Protected Material remain subject to this Protective Order

as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 19, 2013                  Respectfully submitted,


By: _____ /s/ Gabriel I. Opatken _____

Gary S. Fergus (gfergus@ferguslegal.com)
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038

Raymond P. Niro (rniro@nshn.com)
Paul K. Vickrey (vickrey@nshn.com)
Gabriel I. Opatken (opatken@nshn.com)
Olivia T. Luk (oluk@nshn.com)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733

*Attorneys for Plaintiff Qiang Wang*


By: _____ /s/ Laura E. Miller _____
Ragesh K. Tangri (rtangri@durietangri.com)
Daralyn J. Durie (ddurie@durietangri.com)
Ryan M. Kent (rkent@durietangri.com)
Laura E. Miller (lmiller@durietangri.com)
DURIE TANGRI LLP
217 Leidosdorff Street
San Francisco, CA 94111
Phone: (415) 362-6666
Fax: (415) 236-6300

*Attorneys for Defendants Palo Alto Networks, Inc. and Nir Zuk*

By: _____ /s/ Jonathan A. Patchen _____

Stephen E. Taylor (staylor@tcolaw.com)
Jonathan A. Patchen (jpatchen@tcolaw.com)
Carol A. Igoe (cigoe@tcolaw.com)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, CA 94111
Phone: (415) 788-8200

20

Fax:  (415) 788-8208

***Attorneys for Defendant Fengmin Gong***

**<u>FILER'S ATTESTATION</u>**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Laura E. Miller, attest that concurrence in the filing of this document has been obtained.

Dated:  February 19, 2013                      /s/ Laura E. Miller
                                                LAURA E. MILLER


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:  2/22/13

Kandis A. Westmore
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER / CASE NO. 3:12-CV-05579- WHA

Case3:12-cv-05579-WHA   Document49   Filed02/19/13   Page23 of 24

1

### EXHIBIT A

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3
I, _____ [print or type full name], of

4
_____ [print or type full address], declare

5
under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

6
that was issued by the United States District Court for the Northern District of California on

7
_____ in the case of *Wang v. Palo Alto Networks, et al.*, Case No. C-12-05579 (WHA). I agree

8
to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9
acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

10
contempt. I solemnly promise that I will not disclose in any manner any information or item that is

11
subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

12
provisions of this Order.

13
I further agree to submit to the jurisdiction of the United States District Court for the Northern

14
District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

15
such enforcement proceedings occur after termination of this action.

16
I hereby appoint _____ [print or type full name] of

17
_____ [print or type full address and telephone number] as my

18
California agent for service of process in connection with this action or any proceedings related to

19
enforcement of this Stipulated Protective Order.

20

21
Date: _____

22
City and State where sworn and signed: _____

23

24
Printed name: _____
    [printed name]

25
Signature: _____

26
    [signature]

27

28

1

## CERTIFICATE OF SERVICE

2        I certify that all counsel of record is being served on February 19, 2013 with a copy of this

3    document via the Court's CM/ECF system.

4                                            _____/s/ Laura E. Miller_____
                                                          Laura E. Miler
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER / CASE NO. 3:12-CV-05579- WHA