United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QIANG WANG, an individual,

    Plaintiff,

v.

PALO ALTO NETWORKS, INC., a corporation, NIR ZUK, an individual, and FENGMIN GONG, an individual,

    Defendants.

No. C 12-05579 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## INTRODUCTION

In this trade-secret action involving alleged misappropriation of computer firewall technology, plaintiff moves for leave to file an amended complaint. For the reasons stated below, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

The main question is whether plaintiff should be allowed leave to amend based on documents produced in discovery. The facts have been set forth in a previous order (*see* Dkt. No. 41). Briefly, plaintiff Qiang Wang invented several computer firewall technologies. The crux of the present action is an allegation that defendants misappropriated plaintiff's trade secrets following the termination of plaintiff's business relationship with defendant Fengmin Gong. The considerable commercial success of defendant Palo Alto Networks, Inc. is allegedly due in large part to plaintiff's misappropriated trade secrets.

A prior order, dated January 31, 2013, denied defendants' motion to dismiss as to plaintiff's trade secret misappropriation claim. Discovery went forward as to that claim and revealed documents suggesting that defendants infringe plaintiff's patent, United States Patent No. 7,454,418, entitled "Fast Signature Scan." One document in particular describes Palo Alto Networks' algorithm in detail. Plaintiff now moves for leave to amend to add a patent infringement claim to the complaint, as well as a breach-of-contract claim based on a non-disclosure agreement relating to that patent.

This order follows full briefing and oral argument.

## ANALYSIS

### 1. LEGAL STANDARD.

The case management order listed March 31 as the deadline for filing amendments. Rule 16(b)(4) stipulates that after the amendment deadline passes, a scheduling order may be modified only for good cause. Our court of appeals has held:

> The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.

*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal citations omitted).

### 2. THE BREACH OF CONTRACT CLAIM.

Plaintiff also requests leave to add a claim for breach of a non-disclosure agreement. This is an agreement between plaintiff and defendant Gong (Patchen Decl. Exh. 4). Plaintiff contends that his potential patent claim also establishes a claim for breach of this agreement and requests leave to amend his complaint accordingly. This request is denied.

Plaintiff submits that he entered into a joint venture with defendant Gong in February 2005. On April 24, 2005, plaintiff and defendant Gong executed the non-disclosure agreement which covered "the fast signature scan method." In January 2006, defendant Gong abandoned the joint venture. Plaintiff commenced this action in October 2012, alleging explicitly that defendant Gong acquired plaintiff's trade secrets, which include "novel methods for content-based signature scanning" (Compl. ¶ 27). Since the non-disclosure agreement covers

2

1 the trade secrets that plaintiff alleges were misappropriated, it follows that the breach-of-contract
2 claim could have been brought in the original complaint.

3 What is more, during the January 31 hearing plaintiff's counsel was explicitly asked why
4 breach of the non-disclosure agreement was not alleged (Dkt. No. 66 at 13–14):

> THE COURT: Is there a written non-disclosure agreement?
>
> MR. OPATKEN: There is, Your Honor.
>
> THE COURT: There is?
>
> MR. OPATKEN: There is.
>
> THE COURT: Why didn't you allege that?

Because plaintiff failed to timely include this claim in his complaint good cause is absent and the motion for leave to file an amended complaint, as to the breach of the non-disclosure agreement claim, is **DENIED**.

### 3. THE PATENT INFRINGEMENT CLAIM.

Plaintiff submits that discovery revealed defendants copied "elements of [plaintiff's] then-pending patent application," which subsequently issued as the '418 patent (Br. 1). Plaintiff therefore requests leave to amend his complaint to include a patent infringement claim for the '418 patent as well as a continuation of that patent, issued as United States Patent No. 7,870,161, entitled "Fast Signature Scan" (the '161 patent). Defendants argue that leave to amend should be denied because plaintiff could have included the proposed claim in the original complaint. According to defendants, "the allegations of the original complaint support claims for patent infringement to the same extent they supported the claim of trade secret misappropriation" (Opp. 1). This order disagrees.

While it is true that if plaintiff suspected that defendant Palo Alto Networks had stolen his trade secrets he also could have suspected that Palo Alto Networks might be using his patented technology, this in itself is not sufficient ground to deny a motion for leave to file an amended complaint. Algorithms used to run computer programs, such as the one covered by the '418 patent, are concealed from users. A wide variety of different algorithms can be used in various programs. The record does not show that plaintiff had or should have had a reasonable

3

belief at the time he filed the complaint that defendant's product was using the specific algorithm he invented. Therefore, plaintiff could not in good faith assert a patent infringement claim against Palo Alto Networks at the time he filed the complaint.

Nonetheless, defendants argue that plaintiff alleged that "fast content scanning technology was his foundational trade secret, that he patented that foundational trade secret, [and] that Palo Alto Networks misappropriated that foundational trade secret" (Opp. 1–2). Not so. The complaint merely states that the '418 patent was "the foundation of [the] technologies" that constitute his trade secrets (Compl. ¶ 9). The patent itself only discloses a string scanning system for scanning signatures in a signature database. While plaintiff's trade secrets are *related* to this technology, the record shows that plaintiff believed Palo Alto Networks misappropriated his more general ideas about product development. Learning through discovery that defendants, *on top of that*, allegedly directly infringed the underlying patent gives rise to a separate claim.

In their supplemental briefing, defendants point out that Wang's identification of trade secrets included everything from his patent application, including the claims. But the scope of the trade secrets identified is much broader than the language of the claims. The record shows that Wang could have believed in good faith that his trade secrets had been misappropriated, even if those trade secrets had been patented in part, without direct infringement of the '418 patent.

Defendants further refer to communications between plaintiff and competitors of Palo Alto Networks in which plaintiff allegedly suggests that his patents cover Palo Alto Networks's products. This is an overbroad interpretation of the communications. In one of the communications, plaintiff wrote, "I have an IP portfolio and a strategy that may significantly slow down Palo Alto Networks technically and/or legally" (Patchen Decl. Exh. 2). But there is no evidence that he referred specifically to the algorithm of the '418 patent rather than another one of his trade secrets. The same goes for defendants' other exhibit, a communication in which plaintiff asks a competitor of Palo Alto Networks whether "Acacia could be interesting [*sic*] in helping me to enforce [*sic*] my patents" (Patchen Decl. Exh. 3). It is not clear from this single sentence whether plaintiff was referring to enforcement of the '418 patent, nor does it become

4

clear from the communication that plaintiff intended to specifically target Palo Alto Networks with his infringement action.

Lastly, defendants argue that leave to amend should be denied because plaintiff was not diligent in seeking discovery. After the hearing on defendants' motion to dismiss on January 31, plaintiff served his first request for production on defendants on February 25. This order does not consider this an undue delay that would give rise to a lack of diligence in pursuing discovery.

One of the criticisms of patent litigation is the tendency to sue first and fish later through the accused's files in search of a claims construction and theory of infringement. Critics wish patent plaintiffs would do their investigation before suing. Here, Wang has done some investigation before asserting a patent claim, even if via discovery in an ongoing trade secret case. For the sake of encouraging the investigate-first mode of litigation, this order will allow the amendment, this otherwise being a close call.

In short, the record shows that production of a detailed description of Palo Alto Networks' algorithm put plaintiff on notice of his potential claim for patent infringement. Before this discovery plaintiff might have guessed the patent was infringed, but the record does not show that he had a good faith basis to pursue this claim. Good cause for a late amendment has been shown. Plaintiff's motion for leave to file an amended complaint pleading the patent infringement claim is therefore **GRANTED**.

### 4. PREJUDICE TO DEFENDANTS.

Defendants argue they would be unduly prejudiced if leave to amend were granted. This order disagrees. Contrary to defendants' contention, this action has not advanced very far. The discovery cut-off date is January 31, 2014. Thus, there is enough time to accommodate the new patent claim. Moreover, the patent discovery will overlap significantly with the trade-secret discovery.

The present motion was filed on June 26, three months after the initial deadline for amendments. This reflects reasonable diligence as required by Rule 16 on behalf of plaintiff, taking into account that defendants produced the lion's share of the requested documents between April 25 and June 27 (Opp. 7). Defendants cannot be prejudiced by the amount of time

5

1  it took them to produce the requested documents. In the absence of more specific dates of
2  production, this order finds plaintiff was diligent in filing the present motion.

3  Defendants object that accommodating a claim construction hearing will be impossible
4  with the current case management order. All current dates on the case management order will
5  therefore be pushed back 70 calendar days. Defendants' objections as to invalidity defenses are
6  not well taken. According to Patent Local Rule 3–3, defendants have 45 days to file invalidity
7  contentions, which would cause a brief delay at most. The 45-day period will start running as
8  of the date that the amended complaint is filed.

## CONCLUSION

For the reasons stated above, plaintiff's motion is **GRANTED** as to the patent infringement claim and **DENIED** as to the breach-of-contract claim. Plaintiff shall file his amended complaint by **AUGUST 9** at **NOON**. No more than four claims may be asserted per patent, as argued at the hearing. Defendants may file an answer, addressing *only* the new claim, by **AUGUST 23** at **NOON**. An updated case management order will be issued shortly.

**IT IS SO ORDERED.**

Dated: August 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE