IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANG WANG,<br><br>        Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, NIR ZUK, and FENGMIN GONG,<br><br>        Defendants.<br>  | No. C 12-05579 WHA<br><br>**ORDER RE CLAIM CONSTRUCTION** |

     In this misappropriation of trade secrets action with a patent infringement claim, the parties have briefed nine terms to construe. On January 29, plaintiff represented in a reply brief that the parties "now dispute the construction of eight terms" (Dkt. No. 102). Plaintiff also amended its proposed constructions for five terms to "address [Palo Alto Networks'] concerns." As explained in a February 2013 case management order (amended by an August 2013 case management order), in the undersigned judge's experience, most patent cases turn on the meaning of only a few phrases (Dkt. Nos. 43, 88). A September 2013 order stated: "[f]or the claim-construction hearing, the parties must isolate no more than four phrases in all claims at issue and limit the hearing to those phrases" (Dkt. No. 94).

     Accordingly, by **NOON ON FEBRUARY 4**, the parties shall file a joint statement identifying no more than **FOUR DISPUTED PHRASES** (and proposed constructions) in all claims at issue and limit the hearing to those phrases. The statement shall explain that counsel has met and conferred in person or via telephone and tried in good faith to resolve the disputed constructions.

If (and only if) any of the agreed upon four disputed phrases include phrases for which plaintiff has amended its proposed construction, defendants may file a sur-reply (not to exceed **SEVEN PAGES**) by **NOON ON FEBRUARY 7**. As a reminder, the tutorial is scheduled for **FEBRUARY 11** and the claim construction hearing is set for **FEBRUARY 26**.

**IT IS SO ORDERED.**

Dated: January 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE