IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANG WANG,<br><br>    Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, et al.,<br><br>    Defendant.<br>                                                     / | No. C 12-05579 WHA<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO SEAL AND MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS** |

      On February 11, plaintiff filed an administrative motion to file under seal portions of plaintiff's motion to amend infringement contentions and the entirety of Exhibits A through C and Exhibits F through K (Dkt. No. 109). Plaintiff disregarded the rules. *See, e.g.*, Local Rule 7-2, 79-5. For example, the unredacted version of plaintiff's motion for leave to amend infringement contentions failed to indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version. *See* Local Rule 79-5(d)(1)(D). Plaintiff also failed to propose narrowly-tailored redactions for the exhibits sought to be sealed. Surely the entirety of defendants' supplemental response to plaintiff's second set of interrogatories (Exhibit F) is not sealable.

      Moreover, plaintiff's four-page motion for leave to amend infringement contentions lacked a noticed hearing date (rather, the sealing motion noticed a March 20 hearing date) and was not properly filed on ECF. Exhibits A through K were simply appended to the motion, with no supporting declaration identifying the exhibits. Plaintiff also failed to provide exhibit tabs for its voluminous documents.

On February 11, defendants filed a supporting declaration. Defendants did not propose narrowly-tailored redactions but rather supported sealing everything plaintiff proposed to be sealed.

This order provides guidance regarding how confidentiality should be handled:

1. The parties must make a good-faith determination that any information designated "confidential" truly warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order un-designating all or most materials on a wholesale basis.

2. In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5. Please limit your requests for sealing to only those narrowly-tailored portions of materials for which good cause to seal exists. Please include all other portions of your materials in the public file and clearly indicate therein where material has been redacted and sealed. Each filing requires an individualized sealing order; blanket prospective authorizations are not allowed.

3. Chambers copies should include all material — both redacted and unredacted — so that chambers staff does not have to reassemble the whole brief or declaration. Chamber copies should include exhibit tabs. Although chambers copies should clearly designate which portions are confidential, chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.

4. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a substantially higher standard than "good cause." This will be true

regardless of any stipulation by the parties.  *Counsel are warned that most summary judgment motions and supporting material should be completely open to public view.*  Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify.  If the courtroom would not be closed for the information, nor should any summary judgment proceedings, which are, in effect, a substitute for trial.  Motions *in limine* are also part of the trial and must likewise be laid bare absent compelling reasons.  Please comply fully.  Noncompliant submissions are liable to be stricken in their entirety.

5. Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent a further order.

\*      \*      \*

By **5:00 P.M. ON FEBRUARY 20**, the parties shall re-file the motions and supporting declarations.  The re-filings should comport with the local rules and this order.  To be clear, plaintiff had their chance to make their arguments in the motion for leave to amend infringement contentions and may not substantively amend that motion.  As fact discovery is set to close on March 25, plaintiff's motion for leave to amend infringement contentions may be noticed for March 20 (the date listed on the sealing motion).  Responses and replies are due as if the motion was properly filed on February 11.  *See* Local Rule 7-3.

Plaintiff's motion filed on February 11 indicated that defendants would inform plaintiff by February 14 whether defendants agreed to the motion (Br. 2).  Although plaintiff cannot substantively amend their motion, plaintiff may add one sentence indicating defendants response.

The parties are encouraged to meet and confer in advance of filing all sealing motions to resolve as many issues as possible in advance of running to the court to ask for everything to be sealed in its entirety.

**IT IS SO ORDERED.**

Dated:  February 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3