IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANG WANG,<br><br>    Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, NIR ZUK, and FENGMIN GONG,<br><br>    Defendants.<br>                                          / | No. C 12-05579 WHA<br><br>**ORDER RE FRE 706 EXPERT FOR THE JURY** |

A jury trial is set to begin on July 7, 2014, in this action (Dkt. No. 88). The undersigned judge has read the asserted patents, finds them difficult to understand, and is convinced that the jury would benefit from the assistance of a court-appointed expert on technical issues. Indeed, defendant Palo Alto Networks' ("PAN") claim construction brief stated: "[t]he specifications are extremely dense and, in some places, very difficult to interpret" (Dkt. No. 101). The parties, of course, are invited to show cause why such appointment would or would not be advisable and to describe the assignments that would be preferable.

FRE 706 states in relevant part:

> [T]he court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing.
>
> \*        \*        \*
>
> The expert:
>
>   (1) must advise the parties of any findings the expert makes;
>
>   (2) may be deposed by any party;
>
>   (3) may be called to testify by the court or any party; and

>    (4) may be cross-examined by any party, including the party that called the expert.
>
>    * * *
>
>    The court may authorize disclosure to the jury that the court appointed the expert.
>
>    * * *
>
>    This rule does not limit a party in calling its own experts.

The Federal Circuit has recognized that "under Ninth Circuit law, district courts enjoy wide latitude to make these appointments." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1347–48 (Fed. Cir. 2009). The appointment of a FRE 706 expert has been upheld "where the district court was confronted by what it viewed as an unusually complex case and what appeared to be starkly conflicting expert testimony." Such an appointment does not limit in any way the parties' ability to call their own experts and the parties' experts may "attack, support, or supplement" the testimony of the FRE 706 expert.

By **MARCH 19**, both sides shall please meet and confer and agree on one or more qualified proposed FRE 706 expert(s) to testify before the jury at trial and any other hearings as appropriate (but *not* as a confidential advisor to the judge). Once a FRE 706 expert is selected, it may be appropriate to jointly call the candidate(s) to make sure he or she is available and has no conflicts. The FRE 706 expert shall provide independent technical analysis, be available for deposition and cross-examination by both sides, and be available to the Court and the jury for review.

The rulings on the parties' claim construction disputes shall be deferred until PAN brings a motion for summary judgment so that any infringement issues in play are fully briefed and can be considered by a FRE 706 expert, if appropriate. The parties shall please be prepared to discuss one or more qualified proposed FRE 706 experts at the hearing on plaintiff's motion for leave to amend infringement contentions, noticed for March 20.

**IT IS SO ORDERED.**

Dated:   March 6, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE