IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QIANG WANG,

    Plaintiff,

  v.

PALO ALTO NETWORKS, NIR ZUK, and FENGMIN GONG,

    Defendants.
/

No. C 12-05579 WHA

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND INFRINGEMENT CONTENTIONS AND MAINTAINING MARCH 20 HEARING REGARDING FRE 706 EXPERT**

In this misappropriation of trade secrets and patent-infringement action, plaintiff's unopposed motion for leave to amend his infringement contentions is **GRANTED**. The hearing set for **MARCH 20 AT 8:00 A.M.**, however, remains on calendar to discuss proposed FRE 706 experts. By **NOON ON MARCH 19**, the parties may file a joint statement regarding their FRE 706 meet and confer.

**STATEMENT**

Prior orders set forth the procedural history of this action (Dkt. Nos. 41, 85). In brief, this action was filed in October 2012. An August 2013 order, *inter alia*, granted plaintiff's motion to add a patent infringement claim (Dkt. Nos. 85, 86). The case schedule was thus extended approximately two months (*i.e.*, the deadlines for fact discovery and opening expert reports were continued from January 2014 to March 25, 2014 and trial was continued from April 2014 to July 2014) (Dkt. Nos. 43, 88).

In November 2013, the parties filed a joint claim construction statement wherein they identified proposed constructions for nine disputed phrases. In January 2014, when plaintiff filed his reply claim construction brief, he amended his constructions for five phrases. Leave to

1  file a sur-reply was thus granted (Dkt. Nos. 95, 102, 103).  Oral argument on three disputed
2  phrases occurred on February 26.

3  In February 2014, plaintiff filed the instant motion for leave to amend his infringement
4  contentions.  A March 2013 order invited the parties to discuss appointing a FRE 706 expert for
5  the upcoming jury trial (Dkt. No. 129).

6  In March 2014, defendants filed a notice of withdrawal of their opposition to plaintiff's
7  motion to amend the infringement contentions as proposed by plaintiff.  The same day,
8  defendants moved for summary judgment on plaintiff's trade-secret-misappropriation claim
9  based on the statute of limitations (Dkt. No. 131).

**ANALYSIS**

Patent Local Rule 3-6 states that infringement contentions may be amended only by order of the Court upon a timely showing of good cause.  Plaintiff Qiang Wang argues that there is good cause to amend his infringement contentions because the proposed amendment does not add "any new claims theories or products; he is simply identifying the algorithm which PAN actually implemented" (Br. 5).  Plaintiff details that he served his infringement contentions in September 2013, inspected defendant Palo Alto Networks' ("PAN") source code in November 2013, obtained source-code printouts in December 2013, received defendant Nir Zuk's supplemental interrogatory responses in January 2014, took the depositions of Stone Li (PAN source code author) and Mr. Zuk in January 2014, and filed the instant motion in February 2014.  Even though PAN's source code was allegedly available to plaintiff since July 31, 2013 and Mr. Wang did not have to wait until January 2014 to depose Mr. Zuk and Mr. Li, this motion is now unopposed.  Therefore, plaintiff may amend his contentions as proposed.  All existing deadlines remain in place.

**CONCLUSION**

For the reasons stated, leave to amend plaintiff's infringement contentions as proposed in Exhibits A and B of the declaration of Gary S. Fergus is **GRANTED**.  The hearing on March 20 for *this* motion is hereby **VACATED**.  Nevertheless, both sides shall appear, as previously scheduled on March 20, to discuss proposed FRE 706 expert(s).

By **NOON ON FEBRUARY 19**, the parties may file a joint statement regarding their FRE 706 meet and confer. All existing deadlines remain in place.

**IT IS SO ORDERED.**

Dated: March 14, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE