IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANG WANG, | No. C 12-05579 WHA |
| Plaintiff, | |
| v. | |
| PALO ALTO NETWORKS, NIR ZUK, and FENGMIN GONG, | **ORDER FOLLOWING HEARING ON MARCH 20 AND FURTHER CASE MANAGEMENT SCHEDULE** |
| Defendants. | |

The parties appeared for a hearing on March 20. The following schedule was set.

**1. FRE 706 EXPERT.**

From March 6 to March 20, the parties were provided an opportunity to object to the Court appointing a FRE 706 expert. At the hearing on March 20, the parties were again asked whether they had any objections to the appointment of a FRE 706 expert. There was no objection.

Accordingly, the parties shall move forward with their efforts to find and agree upon two proposed FRE 706 experts regarding the patent issues in the case. The parties shall jointly call the proposed FRE 706 experts and discuss the case schedule, expected tasks, fees and expenses, and any conflicts. The parties may provide the candidates with a copy of the asserted patents.

By **NOON ON APRIL 3**, the parties shall file a joint statement identifying the two agreed-upon proposed FRE 706 experts. The candidates should be available for an interview and the statement may identify proposed dates. The undersigned judge will then **SET A HEARING DATE** for the candidates to appear for an interview in open court with both sides present.

### 2. MOTIONS FOR SUMMARY JUDGMENT.

Defendants' motion for summary judgment dismissing plaintiff's trade secret misappropriation claim based on the statute of limitations, noticed for April 17, is hereby re-set for **APRIL 10 AT 8:00 A.M.** (Dkt. No. 131).

Plaintiff currently asserts 27 trade secrets. By **NOON ON APRIL 15**, plaintiff shall identify and inform defendants in writing of **ALL ASSERTED TRADE SECRETS** in this action. The asserted trade secrets cannot be withdrawn thereafter and will be read to the jury, unless they are dismissed on summary judgment.

The August 2013 first amended case management order set May 15, 2014, as the last day to file dispositive motions (Dkt. No. 88). Plaintiff does not intend to bring any motions for summary judgment. Defendants intend to bring (1) a motion for summary judgment of non-infringement and invalidity and (2) a motion for summary judgment on the merits of the trade secret misappropriation claim. Defendants expect their invalidity expert to opine on three anticipatory references and five obviousness references. Defendants will limit themselves to two prior art references for each asserted trade secret.

Defendants' motion for summary judgment on **ANY AND ALL PATENT ISSUES**, not to exceed 25 pages of briefing and 150 pages of declarations and exhibits (not counting the asserted patents), is due **MAY 15, 2014**. The opposition must be limited to 25 pages of briefing and 170 pages of declarations and exhibits. The reply must be limited to ten pages of briefing and twenty pages of declarations and exhibits. All briefing and declarations must be double-spaced with number twelve font, with only occasional single-spaced quotes and footnotes. All declarations should be hole-punched with exhibit tabs.

It is possible that the Court may set an evidentiary hearing to allow each side to present any diagrams, animations, and cartoons supporting their arguments. One expert from each side may be asked to appear and testify in Court. Whether such a hearing is needed will be decided in due course.

Defendants' motion for summary judgment on the trade secret misappropriation claim, not to exceed 15 pages of briefing, is due **MAY 15, 2014**. Defendants shall limit their trade-

secret summary judgment motion to **TWO TRADE SECRETS**.  The opposition shall not exceed 15 pages of briefing and the reply shall not exceed seven pages of briefing.  If the trade-secret motion is granted in full, defendants may ask for leave to file another summary judgment motion.  Permission may be sought by filing a five-page application setting forth the ground for the new motion.  Any opposition must be filed within three calendar days.

All other existing deadlines remain in place, including the July 7, 2014, trial date.

**IT IS SO ORDERED.**

Dated:  March 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE