GARY S. FERGUS, Cal. Bar No. 095318
FERGUS, A LAW OFFICE
595 Market Street, Ste. 2430
San Francisco, California 94115
Tel:   (415) 537-9032
Fax:   (415) 537-9038
E-mail:  gfergus@ferguslegal.com

RAYMOND P. NIRO
PAUL K. VICKREY (appearance pro hac vice)
DAVID J. SHEIKH (appearance pro hac vice)
OLIVIA T. LUK (appearance pro hac vice)
GABRIEL I. OPATKEN (appearance pro hac vice)
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, Illinois  60602
Tel:   (312) 236-0733
Fax:   (312) 236-3137
E-mail: rniro@nshn.com
E-mail: vickrey@nshn.com
E-mail: sheikh@nshn.com
E-mail: oluk@nshn.com
E-mail: gopatken@nshn.com

*Attorneys for Plaintiff Qiang Wang*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| QIANG WANG,<br><br>                    Plaintiff,<br><br>         v.<br><br>PALO ALTO NETWORKS, INC.,<br>NIR ZUK and FENGMIN GONG,<br><br>                    Defendants. | Case No. C12-05579 WHA<br><br>Honorable Judge William H. Alsup<br><br>**DECLARATION OF GABRIEL I. OPATKEN IN SUPPORT OF PLAINTIFF QIANG WANG'S MOTION TO STRIKE EXPERT REPORT OF VERN PAXSON AND BELATED PRODUCTION OF ASSOCIATED DOCUMENTS**<br><u>Hearing</u><br>Date:  May 22, 2014<br>Time: 8:00 a.m.<br>Place: Courtroom 8<br>         450 Golden Gate Ave., 19th Floor<br>         San Francisco, California 94102<br>Action Filed: October 30, 2012<br>Judge: Honorable William Alsup |

I, Gabriel I. Opatken, declare as follows:

1. I am an attorney with Niro, Haller & Niro, counsel for Plaintiff Qiang Wang in connection with the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called upon to do so, I can and will testify competently to all of the matters contained herein. I submit this declaration in support of Plaintiff Qiang Wang's Motion to Strike Expert Report of Vern Paxson and Belated Production of Associated Documents.

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Declaration of David J. Sheikh.

3. Attached hereto as <u>Exhibit B</u> is a true and correct copy of an email chain including correspondence from Ms. Laura Miller (counsel for Defendants PAN and Zuk) stating that the production of March 19, 2014 included "[d]ocuments relating to defendants' expert report regarding the ready ascertainability of Mr. Wang's trade secrets. PAN confirms that these documents were not previously produced."

4. Attached hereto as <u>Exhibit C</u> is a true and correct copy of excerpts of the Expert Report of Vern Paxson Regarding Invalidity of Asserted Patents and Ready Ascertainability of Alleged Trade Secrets (the "Paxson Report").

5. Attached hereto as <u>Exhibit D</u> is a true and correct copy of PAN's and Zuk's Supplemental Rule 26(a) Initial Disclosures served on February 8, 2013.

6. Attached hereto as <u>Exhibit E</u> is a true and correct copy of Wang's First Set of Requests for Production of Documents and Things to Defendant Palo Alto Networks (Nos. 1-32).

7. Attached hereto as <u>Exhibit F</u> is a true and correct copy of Wang's Second Set of Requests for Production of Documents and Things to Defendant Palo Alto Networks (Nos. 33-62).

8. Attached hereto as <u>Exhibit G</u> is a true and correct copy of an email chain including correspondence from Mr. Ryan Kent (counsel for Defendants PAN and Zuk) stating that Defendants "will use the following terms to search the following custodians' [including

Zuk's] email and hard drive information" for the following search terms: "Gong AND any one of the following terms prior to 12/31/2007: signature w/5 match, signature w/5 scan, signature w/5 search,… pattern w/5 match,… 'hash table',… [and] 'flow table….'"

9. Attached hereto as <u>Exhibit H</u> is a true and correct copy of a letter from Ms. Laura Miller dated July 31, 2013 stating that "Defendants [PAN] and [Zuk] have, with the limited exceptions noted below, completed their production of documents in response to Plaintiff's Requests for Production."

10. Attached hereto as <u>Exhibit I</u> is a true and correct copy of a letter from Ms. Laura Miller dated August 26, 2013 stating that "Defendants [PAN] and [Zuk] have completed their production of documents in response to Plaintiff's Requests for Production with the exception of a small number of documents that were either determined to be non-privileged after our privilege review or that cannot be produced absent third-party notification and/or consent."

11. Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter from Ms. Laura Miller dated September 11, 2013 stating that "PAN has completed its production of documents in response to Wang's First Set of Requests for Production of Documents (Nos. 1-32)."

12. Attached hereto as <u>Exhibit K</u> is a true and correct copy of a letter from Mr. Ryan Kent dated March 7, 2014 that identifies the production of documents bearing Bates numbers PANWANG0000284048 through PANWANG0000285044. Review of this production indicates that it appears to consist of 997 pages of alleged "prior art".

13. Attached hereto as <u>Exhibit L</u> is a true and correct copy of a letter from Mr. Ryan Kent dated March 14, 2014 that identifies the production of documents bearing Bates numbers PANWANG0000285045 through PANWANG0000286201. Review of this production indicates that it appears to consist of 1,156 pages of alleged "prior art".

14. Attached hereto as <u>Exhibit M</u> is a true and correct copy of a letter from Mr. Ryan Kent dated March 19, 2014 that identifies the production of documents bearing Bates numbers PANWANG0000286202 through PANWANG0000287672 and PANWANG_SC_00003578 through PANWANG_SC_00003750. Review of the production from PANWANG0000286202

WANG V. PALO ALTO NETWORKS, ET AL. – CASE NO. C12-05579 WHA – DECLARATION OF GABRIEL I. OPATKEN IN SUPPORT OF PLAINTIFF QIANG WANG'S MOTION TO STRIKE EXPERT REPORT OF VERN PAXSON AND BELATED PRODUCTION OF ASSOCIATED DOCUMENTS

- 3 -

through PANWANG00000287670 indicates that it appears to consist of 1,469 pages of alleged "prior art."

15. Moreover, that production includes two native files (PANWANG0000287671 and PANWANG0000287672) that, when opened, comprise two folders of source code containing 85 subfolders, 27 MB of data, and thousands of pages of files. These appear to relate to the "Bro System."

16. Review of that production from PANWANG_SC_00003578 through PANWANG_SC_00003750 indicates that it appears to consist of 173 pages of PAN source code.

17. Attached hereto as Exhibit N is a true and correct copy of a letter from Mr. Ryan Kent dated March 20, 2014 that identifies the production of documents bearing Bates numbers PANWANG_SC_00003751 through PANWANG_SC_00005379. Review of that production indicates that it appears to consist of 1,629 pages of PAN source code.

18. Attached hereto as Exhibit O is a true and correct copy of Defendant Nir Zuk's Supplemental Response to Plaintiff Qiang Wang's First Set of Interrogatories (No. 2), served on March 20, 2014. This supplemental response identifies, for the first time, documents produced as PANWANG_SC_00003578 through PANWANG_SC_00003750 and PANWANG_SC_00003865 through PANWANG_SC_00005377.

19. Attached hereto as Exhibit P is a true and correct copy of a letter from Mr. Ryan Kent dated March 24, 2014 that identifies the production of documents bearing Bates numbers PANWANG0000287673 through PANWANG0000288042. Review of that production indicates that it appears to consist of 361 pages of alleged "prior art".

20. Attached hereto as Exhibit Q is a true and correct copy of a letter from Mr. Ryan Kent dates March 25, 2014 that identifies the production of documents bearing Bates numbers PANWANG0000288101 through PANWANG0000288728. Review of that production indicates that PANWANG0000288101 through PANWANG0000288167 and PANWANG0000288169 through PANWANG0000288728 appear to consist of 627 pages of alleged "prior art".

WANG V. PALO ALTO NETWORKS, ET AL. – CASE NO. C12-05579 WHA – DECLARATION OF GABRIEL I. OPATKEN IN SUPPORT OF PLAINTIFF QIANG WANG'S MOTION TO STRIKE EXPERT REPORT OF VERN PAXSON AND BELATED PRODUCTION OF ASSOCIATED DOCUMENTS

- 4 -

21.     Attached hereto as Exhibit R is a true and correct copy of Plaintiff's Third Set of Interrogatories to Defendant Nir Zuk.

22.     Attached hereto as Exhibit S is a true and correct copy of Plaintiff's Third Set of Interrogatories to Defendant Fengmin Gong.

23.     Attached hereto as Exhibit T is a true and correct copy of Defendant Nir Zuk's Response to Plaintiff Qiang Wang's Third Set of Interrogatories.

24.     Attached hereto as Exhibit U is a true and correct copy of Response of Defendant Fengmin Gong to Third Set of Interrogatories Propounded by Plaintiff Qiang Wang.

25.     Attached hereto as Exhibit V is a true and correct copy of Defendant Nir Zuk's Supplemental Response to Plaintiff Qiang Wang's Third Set of Interrogatories.

26.     Attached hereto as Exhibit W is a true and correct copy of Supplemental Response of Defendant Fengmin Gong to Third Set of Interrogatories Propounded by Plaintiff Qiang Wang.

27.     Attached hereto as Exhibit X is a true and correct copy of the Acknowledgement and Agreement to be Bound (Exhibit A to the Parties' Protective Order (Dkt. No. 49)) signed by Mr. Vern Paxson on January 7, 2014.

28.     Attached hereto as Exhibit Y is a true and correct copy of the source code produced by Defendants as PANWANG_SC_00005378 through PANWANG_SC_00005379, titled "cia-removal" and apparently dated October 7, 2013.

29.     Attached hereto as Exhibit Z is a true and correct copy of an email chain including correspondence from Ms. Laura Miller dated September 4, 2013 stating: "As to your source code request, pursuant to our prior correspondence, we will provide access to the relevant PAN source code at our offices as required by the Stipulated Protective Order."

30.     Attached hereto as Exhibit AA is a true and correct copy of an email chain including correspondence from Ms. Laura Miller dated November 7, 2013 stating: "Thank you for confirming that you and Mr. Kraft will be inspecting PAN's source code November 18 through November 22."

31. Attached hereto as <u>Exhibit BB</u> is a true and correct copy of excerpts of the source code produced by Defendants as PANWANG_SC_00003751-3864. The outlined portions of the document represent the existence of search terms that PAN's counsel said it would use in its search process and that should have resulted in the earlier production of this document.

32. Attached hereto as <u>Exhibit CC</u> is a true and correct copy of an email chain including correspondence from Ms. Laura Miller dated June 7, 2013 stating: "As to Interrogatory Number 2 (and as to the issue you raise in paragraph 2), we will identify the documents in question."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 4th day of April, 2014.

*/s/ Gabriel I. Opatken*

Gabriel I. Opatken
Attorney for Plaintiff

WANG V. PALO ALTO NETWORKS, ET AL. – CASE NO. C12-05579 WHA – DECLARATION OF GABRIEL I. OPATKEN IN SUPPORT OF PLAINTIFF QIANG WANG'S MOTION TO STRIKE EXPERT REPORT OF VERN PAXSON AND BELATED PRODUCTION OF ASSOCIATED DOCUMENTS

- 6 -

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 4, 2014 the foregoing

**Declaration OF GABRIEL I. OPATKEN IN SUPPORT OF PLAINTIFF QIANG WANG'S MOTION TO STRIKE EXPERT REPORT OF VERN PAXSON AND BELATED PRODUCTION OF ASSOCIATED DOCUMENTS**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Ragesh K. Tangri
Daralyn J. Durie
Ryan M. Kent
Sonali D. Maitra
Laura E. Miller
Zac A. Cox
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Tel:    (415) 362-6666
Fax:    (415) 236-6300
rtangri@durietangri.com
ddurie@durietangri.com
rkent@durietangri.com
smaitra@durietangri.com
lmiller@durietangri.com
zcox@durietangri.com
***Attorneys for Palo Alto Networks, Inc. and Nir Zuk***

Carol A. Igoe
Jonathan A. Patchen
Stephen E. Taylor
TAYLOR & COMPANY LAW OFFICES LLP
One Ferry Building, Suite 355
San Francisco, CA  94111
Tel:    (415) 788-8200
Fax:    (415) 788-8208
jpatchen@tcolaw.com
cigoe@tcolaw.com
staylor@tcolaw.com
***Attorneys for Defendant Fengmin Gong***

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

*/s/ Gabriel I. Opatken*
Attorneys for Plaintiff